14-1163-cv
*Krishtul v. VSLP*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand and sixteen.

Present:
　　　　JOHN M. WALKER, JR.,
　　　　GUIDO CALABRESI,
　　　　PETER W. HALL,
　　　　　　*Circuit Judges.*

_____

IGOR KRISHTUL,

　　　　　　　*Plaintiff-Counter-Defendant–Appellant*,

　　　　v.　　　　　　　　　　　　　　　No. 14-1163-cv

VSLP UNITED, LLC,

　　　　　　　*Defendant-Counter-Claimant–Appellee*.

_____

For Plaintiff-Counter-Defendant–Appellant:　　IGOR KRISHTUL, pro se, Brooklyn, NY.

For Defendant-Counter-Claimant–Appellee:　　THOMAS J. HALL, Hall & Hall LLP, Staten Island, NY.

_____

Appeal from a judgment of the United States District Court for the Eastern District of

New York (Reyes, *M.J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Igor Krishtul, proceeding pro se, appeals the district court's judgment dismissing his complaint under the Truth in Lending Act ("TILA") and the Home Ownership Equity Protection Act ("HOEPA"). Appellant sued VSLP United, LLC ("VSLP") seeking rescission of two loans, which were secured by a lien on Appellant's Brooklyn cooperative apartment. Appellant claims that VSLP violated TILA and HOEPA by failing to disclose required information pertaining to the loans. After a bench trial, the district court found that VSLP was not a creditor under TILA because Appellant failed to show that the loan was procured by a mortgage broker. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Although the parties dispute whether the loans at issue were consumer or business loans, this appeal turns on how the district court defined "mortgage broker" under TILA. The term was undefined at the time of the relevant transactions in this case. The Federal Reserve subsequently promulgated a regulation that defines a mortgage broker as one who, "for compensation or other monetary gain, . . . arranges, negotiates, or otherwise obtains an extension of consumer credit for another person . . . [and] is not an employee of the creditor." 12 C.F.R. § 226.36(a)–(b). We defer to the Federal Reserve's reasonable interpretation of an ambiguous term in TILA. *Vincent v. The Money Store*, 736 F.3d 88, 105-06 (2d Cir. 2013). In this case, we conclude that this definition of a mortgage broker is reasonable.

Applying that definition here, we conclude that the magistrate judge did not commit clear error when it found, after a bench trial, that Appellant had failed to establish the loans were

2

procured by a mortgage broker.[1] *See Bessemer Trust Co., N.A. v. Branin*, 618 F.3d 76, 85 (2d Cir. 2010) ("In reviewing a district court's decision in a bench trial, we review the district court's findings of fact for clear error and its conclusions of law *de novo*."). Appellant's testimony that he believed Zybin was paid for his services in arranging the loan transaction was contradicted by VSLP's witnesses who testified that Zybin was not paid at all. The magistrate judge did not commit clear error in crediting VSLP's witnesses' testimony. *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009) ("In reviewing findings for clear error, we are not allowed to second-guess the trial court's choice between permissible competing inferences, because in that case, the factfinder's choice cannot be clearly erroneous." (internal quotations, citations, and alterations omitted)).

We find no abuse of discretion in the magistrate judge's grant of an unopposed motion in limine to exclude Appellant's unauthenticated emails. *Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 126 (2d Cir. 2016) ("Federal Rule of Evidence 901(a) requires that an item of evidence be 'authenticated' through introduction of evidence sufficient to warrant a finding that the item is what the proponent says it is."); *cf. United States v. Vayner*, 769 F.3d 125, 130–32 (2d Cir. 2014) (finding abuse of discretion where the district court admitted an unauthenticated printout of a criminal defendant's purported profile page from a Russian social networking site).

---

[1] When the district court ruled on VSLP's summary judgment motion, the Appellant was estopped from claiming that Broadscope and Epelman were mortgage brokers because Appellant had acknowledged at the loan closing that they were being paid for services unrelated to the loan transaction and VSLP had relied on Appellant's acknowledgement to its detriment. *See Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 400 (2d Cir. 2011) ("Equitable estoppel is properly invoked where the enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." (internal quotation omitted)). Moreover, in the particular circumstances of this case and given the sophistication of the parties, we have no reason to doubt the validity of the acknowledgement.

Finally, we find no abuse of discretion in the magistrate judge's award of attorneys' fees. The loan security agreements permitted attorneys' fees if the defendant was forced to defend its security interest, and Appellant's complaint sought to void the security interest. The magistrate judge properly considered the relevant factors and awarded reasonable attorneys' fees and costs. *Carco Grp., Inc. v. Maconachy*, 718 F.3d 72, 86–87 (2d Cir. 2013).

We have considered all of Appellant's arguments and have found in them no basis for reversal. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk