16-2767-cv
Schutte Bagclosures Inc. v. Kwik Lok Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges*.

--------------------------------------------------------------------------
SCHUTTE BAGCLOSURES INC.,
*Plaintiff-Counter-Defendant-Appellee*,

SCHUTTE BAGCLOSURES B.V.,
*Counter-Defendant-Appellee,*


v.                                                              No. 16-2767-cv


KWIK LOK CORPORATION,
*Defendant-Counter-Claimant-Appellant.*
--------------------------------------------------------------------------
APPEARING FOR APPELLANT:        BRIAN MCQUILLEN, Duane Morris LLP, New York, New York.

APPEARING FOR APPELLEES:        MARC S. REINER, Hand Baldachin & Amburgey LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern

District of New York (John G. Koeltl, *Judge*).

1

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on July 7, 2016, is AFFIRMED.

Defendant and counter-claimant Kwik Lok Corporation ("Kwik Lok"), a manufacturer of plastic bag closures used by the food industry, appeals from a judgment entered after a bench trial in favor of counter-defendant Schutte Bagclosures B.V., a Dutch manufacturer of plastic bag closures interested in entering the United States bag closure market, and its American subsidiary, plaintiff and counter-defendant Schutte Bagclosures Inc. (collectively, "Schutte"). Schutte brought this action seeking (1) a declaration that its bag closure products do not infringe or dilute Kwik Lok's trade dress in its bag closures; (2) a declaration that Kwik Lok's U.S. Trademark Registration No. 1,972,043 (the "'043 Registration") for bag closures is invalid; and (3) an order cancelling that registration. Kwik Lok counterclaimed, alleging trade dress infringement, unfair competition and trade dress dilution in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c)(1); common law unfair competition; and injury to business reputation in violation of New York General Business Law § 360-1. On appeal, Kwik Lok challenges the district court's determinations that (1) Kwik Lok's bag closure trade dress is functional and therefore not entitled to protection, and (2) there is no likelihood of confusion between Schutte's and Kwik Lok's bag closure products.

In reviewing a judgment following a bench trial, we examine a district court's factual findings for clear error and its conclusions of law *de novo*. *See Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 141 (2d Cir. 2016). Under the clearly erroneous standard, "[w]e are not allowed to second-guess the court's credibility

2

assessments," and, where two views of the evidence are permissible, the district court's "choice between them cannot be clearly erroneous." *Id.* (internal quotation marks omitted). We review evidentiary rulings for abuse of discretion, which we will identify only where the district court has "based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 124 (2d Cir. 2016) (internal quotation marks omitted). In applying these principles here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In disputing the district court's functionality determination, Kwik Lok faults the district court for (a) giving little weight to the United States Patent and Trademark Office's ("PTO's") approval of the '043 Registration; (b) determining that Kwik Lok adduced insufficient evidence of feasible alternative designs, disclosed the utilitarian advantages of its trade dress in expired utility patents, and promoted such utilitarian advantages in its advertising; and (c) excluding Kwik Lok's submissions to the PTO in connection with the '043 Registration. These arguments fail for the reasons stated by the district court both on the record at conference and in its thorough opinion, which we do not repeat here. *See Schutte Bagclosures Inc. v. Kwik Lok Corp.*, 193 F. Supp. 3d 245, 260–73 (S.D.N.Y. 2016).

In any event, Kwik Lok fails to demonstrate any error in the district court's application of the factors set forth in *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492 (2d Cir. 1961), in reaching a no-likelihood-of-confusion determination. *See*

3

*Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005) (reviewing factual findings as to specific factors for clear error and the weighing of such factors in reaching ultimate confusion decision *de novo*). The district court persuasively details the reasons why there is no likelihood of confusion between Schutte's and Kwik Lok's bag closures under the *Polaroid* factors, *see Schutte Bagclosures Inc. v. Kwik Lok Corp.*, 193 F. Supp. 3d at 273–82, and, thus, we do not repeat them here.

We have considered all of Kwik Lok's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court