*Hollins v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand nineteen.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> PETER W. HALL,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

ANGELA HOLLINS,

    *Plaintiff-Appellant*,

     v.                                                                          No. 18-15

CITY OF NEW YORK, POLICE OFFICER FEIT WALTER, SHIELD #31577, POLICE OFFICER FAVIO QUIZHPI, SHIELD #8682, POLICE OFFICER MICHAEL HANSEN, SHIELD #8736, POLICE OFFICER PHU TRAN, SHIELD #16392,

    *Defendants-Appellees*,

Police Officers John Doe 1-2 in their individual and official capacities as employees of the City of New York Police Department,

    *Defendants*.

_____

For Plaintiff-Appellant:                         Amy Rameau, The Rameau Law Firm, Brooklyn, NY.

For Defendants-Appellees:                   Devin Slack, Richard Dearing, and Qian Julie Wang *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the lower court is **AFFIRMED**.

Angela Hollins appeals from a denial of her motion for a new trial, entered by the United States District Court for the Eastern District of New York (Kuntz, *J.*) following a jury verdict finding defendants, consisting of various members of the New York Police Department and the City of New York, not liable for false arrest or excessive use of force, among other things. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Angela Hollins was arrested late in the evening of May 13, 2013 and initially charged with assaulting a police officer with a deadly weapon, resisting arrest, and disorderly conduct. The charges were downgraded shortly thereafter and, after a year and a half, dismissed entirely. On November 5, 2014, Hollins brought this suit. The operative complaint was filed on February 16, 2016, alleging false arrest, excessive force, and various other claims under 42 U.S.C. § 1983. Judge Kuntz conducted a jury trial from October 17 to October 23, 2017. The evidence at trial showed that Hollins called 911 on the evening of May 13, 2013 after she was unable to defuse a conflict between her brother and father. Officers Walter Feit and Michael Hansen responded between 9:30 and 10:00 p.m., followed by Officers Favio Quizphi and Phu Tran.

2

According to the officers, Hollins was irate when they arrived, screaming profanities and refusing to tell the police what happened. At some point, she lunged at her brother and Officer Feit stopped her, causing Hollins to redirect her ire toward the officers. Neighbors gathered to watch, and Officers Feit and Hansen decided to arrest Hollins for disorderly conduct. But when they moved toward her, she ran away down the street. When she realized Officers Feit and Hansen were not pursuing her, she turned back and continued yelling profanities and insults. Officers Quizhpi and Tran then ran after her. Officer Quizhpi caught up to her after about two blocks, and Hollins punched him in the face with a cordless phone and refused to put her hands behind her back. She continued to resist when Officer Tran caught up, causing the three of them to fall to the pavement. Officers Feit and Hansen then arrived, and they finally placed her in handcuffs and put her in the patrol car. All four officers testified that they did not punch, kick, or strangle Hollins, or put her in a headlock or chokehold.

Hollins told quite a different story. She testified that, although she was upset when the police arrived, she tried to tell Officer Feit what was going on and never lunged at her brother. Feit, however, told her to shut up and called her profane names, leading to an argument and exchange of insults. Hollins ran away when she saw the officers getting handcuffs. Quizhpi chased her down and put her in a headlock, and then he and Tran tackled her and pushed her face into the ground. The officers pinned her to the ground, told her they did not care that she could not breathe, and punched and kicked her as she lay helpless. Officer Feit then picked her up by the neck, squeezing so that she could not breathe. Two days later, Hollins went to the hospital to seek treatment for scrapes to her face, shoulder, elbow, and hand. The hospital records did not indicate that she reported any injury to her neck. However, her fiancée testified that he took

pictures of bruising around her neck and various other abrasions, the same day she went to the hospital. Those pictures were not developed until June 18, 2013.

The jury returned a verdict on October 24, 2017 finding the defendants not liable as to every count. Hollins moved for a new trial, and the district court denied that motion. This timely appeal followed.

A trial court should not grant a motion for a new trial unless it is "convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Atkins v. New York City*, 143 F.3d 100, 102 (2d Cir. 1998).[1] We review a district court's denial of a Rule 59 motion for abuse of discretion, viewing the evidence in the light most favorable to the non-moving party. *Id.*

Hollins first argues that the district court's denial of her motion for a new trial on her false arrest claim was an abuse of discretion. Under New York law, a person is guilty of disorderly conduct when, acting "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof," she, among other things, "makes unreasonable noise" or "engages in fighting or in violent, tumultuous or threatening behavior." N.Y. Penal Law § 240.20. In addition, the defendant's "disruptive statements and behavior" must be "of a public rather than an individual dimension." *People v. Baker*, 984 N.E.2d 902, 905 (N.Y. 2013); *accord People v. Weaver*, 944 N.E.2d 634, 636 (N.Y. 2011). According to Hollins, the weight of the evidence at trial showed that the defendants did not have probable cause to believe that her conduct had such a public dimension, and the district court abused its discretion in finding otherwise.

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

We disagree. According to the defendants' testimony at trial, Hollins was loudly screaming profanities for several minutes around 10:00 p.m. on the street of a residential neighborhood. Neighbors were watching the scene unfold. And Hollins's anger was originally directed at her brother, whom she tried to attack, "supporting the inference that the disruptive behavior would continue and perhaps escalate absent interruption by the police." *Baker*, 984 N.E.2d at 908. A reasonable jury could therefore find that the police had probable cause. *See Weaver*, 944 N.E.2d at 637 (affirming a conviction for disorderly conduct based on the defendant's public, loud, and profane berating of first his wife and then the police in the very early morning). The district court therefore did not abuse its discretion by denying the motion for a new trial on Hollins's false arrest claim.

Turning to Hollins's excessive force claim, there is no dispute that the defendants used excessive force in Hollins's version of the arrest but did not in the officers' version. Hollins first argues that she was credible and the officers were not. But we may not weigh the credibility of witnesses in reviewing a district court's denial of a new trial under Rule 59. *See Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 127-28 (2d Cir. 2016) (per curiam). Hollins also points to the photographs of her injuries and Officer Feit's testimony that Hollins did not appear injured when he arrived at the house. However, her various scrapes and abrasions could have occurred under either version of events. The picture of Hollins at the police station the night of the arrest does not show any swelling around her neck, Officer Tran testified that he did not see any injuries on Hollins after she was arrested, and her hospital records from two days later do not mention a neck injury, even though she said she showed the doctor all her injuries. There was also evidence at trial that Hollins and her brother were in a physical altercation before the police arrived, which could have caused the injury to her neck. Moreover, the pictures were not

developed until June 18, 2013, just over a month after the arrest. As defendants argued in closing, it was possible that the pictures were taken later, and the injuries were a result of some other argument. Given this conflicting evidence, we cannot say that the district court abused its discretion in denying Hollins a new trial.[2]

We have considered all of Hollins's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Hollins also relies on a juror's post-trial statements about why the jury reached its verdict. But we cannot consider this testimony in evaluating the validity of the verdict. *See* Fed. R. Evid. 606(b).