23-87
*Cole v. Foxmar, Inc.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of January, two thousand twenty-four.

PRESENT:

> JOSÉ A CABRANES,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

THOMAS COLE,

> *Plaintiff-Appellant*,

> v.                                                          No. 23-87

FOXMAR, INC., d.b.a. EDUCATION AND TRAINING RESOURCES,

> *Defendant-Appellee.*[*]

_____

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiff-Appellant:  WILLIAM PETTERSEN, Pettersen Law PLLC, Colchester, VT.

For Defendant-Appellee:  MICHAEL D. BILLOK (Paul J. Buehler, *on the brief*), Bond, Schoeneck & King, PLLC, Saratoga Springs, NY.

Appeal from a judgment of the United States District Court for the District of Vermont (Christina Reiss, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Thomas Cole appeals from the August 2, 2021 judgment of the district court following a retrial on damages relating to Cole's claims of retaliation under Vermont law against his former employer, Foxmar, Inc. ("Foxmar"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to resolve this appeal.

Foxmar is a federal contractor that operates several Job Corps centers, which provide education and vocational training to teens and young adults. Cole worked at the Northlands Job Corps Center ("NJCC") in Vergennes, Vermont on and off for about five years. Cole's tenure at NJCC ended in 2018 when Foxmar

2

fired him days after Cole lodged several complaints about Foxmar's refusal to allow NJCC employees to take sick leave. Cole ultimately sued Foxmar for retaliatory discharge under several Vermont statutes. After a one-week trial, the jury returned a verdict in favor of Cole, awarding him $140,943 for back and front pay, $75,000 for emotional distress, and $3 million in punitive damages. Foxmar promptly moved for a new trial on damages under Federal Rule of Civil Procedure 59, arguing that the jury awards were excessive and unsupported by the evidence. The district court ordered a new trial as to damages only, without giving Cole the option to accept a lower award via remittitur. At the retrial, the district court ruled that it would exclude evidence that Foxmar had suppressed food safety and weapons complaints. The jury thereafter returned a verdict awarding Cole only $35,000 in back pay and $20,000 in damages for emotional distress.

Cole now appeals, arguing that the district court erred when it (1) ordered a retrial on the grounds that the jury's initial awards for lost wages and punitive damages were excessive, (2) ordered that retrial without first giving Cole the option to accept a lower damages award through remittitur, and (3) precluded Cole from introducing evidence at the retrial that Foxmar suppressed complaints

3

made by others about food safety and weapons at the camp. We address each argument in turn.

*First*, we reject Cole's argument that the district court erred when it set aside the jury's award for lost wages as excessive under Vermont law. We review the district court's decision for abuse of discretion, scrutinizing whether the district court wrongly applied state damages law, made a clear error in fact, or otherwise committed an arbitrary or unreasonable error of judgment. *See Gasperini v. Ctr. for Humans., Inc.*, 149 F.3d 137, 142 (2d Cir. 1998). We see no reversible errors here. The district court stated the correct legal standard for excessive damages under Vermont law – whether the award was "grossly excessive," *Lent v. Huntoon*, 143 Vt. 539, 553 (1983) – and proceeded to detail why the evidence at trial could not support the jury's speculative front-pay award, *see Haynes v. Golub Corp.*, 166 Vt. 228, 239 (1997) ("When front pay is allowed, the damages must be limited to a reasonable period of time, and the amount must not be speculative." (citations omitted)).

The court first noted that the jury had awarded Cole $4,000 more in lost wages than he had asked for – a sum that apparently included $18,958 more in

4

front pay than even Cole's own expert had calculated.[1]   To reach that figure, the jury would have had to find either that Cole would have worked at NJCC for more than fifteen years (until he was over seventy) or that he would have received larger raises than expected.   But, as the district court explained, neither of those conclusions was supported by the record, indicating that the jury had inflated its front-pay award beyond what the evidence allowed.   *See id.* at 238 (vacating lost-wages award when the damages figure required the jury to assume that the plaintiff would have worked longer than the evidence established).   Cole's arguments to the contrary are little more than challenges to the district court's assessment of the evidence regarding the award for front pay damages, which fall well short of showing an abuse of discretion here.   *See Crawford v. Tribeca Lending Corp.*, 815 F.3d 121, 128 (2d Cir. 2016) ("A district court may grant a Rule 59 motion – even if some evidence supports the verdict – if the court determines, in its

---

[1] The jury awarded Cole $85,638 in front pay damages.   Cole's expert calculated the award for front pay damages to be $66,680.

5

independent judgment, that the jury has reached a seriously erroneous result." (alterations and internal quotation marks omitted)).[2]

*Second*, Cole argues that the district court erred when it found that his punitive damages award was so excessive that it violated the Due Process Clause.[3] Because this issue involves punitive rather than compensatory damages, we review the district court's ruling *de novo*. *See Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 437, 443 (2001). Under *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), we assess the constitutionality of punitive damages awards based on three guideposts: (1) "the degree of reprehensibility of the defendant's misconduct, (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003) (citing *Gore*, 517 U.S. at 575).

---

[2] Cole has never argued – here or below – that the district court erred by granting a retrial on both back and front pay as opposed to a partial retrial on only the excessive front-pay award. We therefore do not consider whether the district court should have ordered a partial retrial. *See Doe v. Trump Corp.*, 6 F.4th 400, 410 (2d Cir. 2021) (explaining that we generally do not consider forfeited arguments).

[3] Cole also challenges the district court's finding that the jury's punitive damages award was excessive under Vermont law. We need not reach that question, because we separately find that his punitive damages award was invalid under the Due Process Clause.

The first guidepost examines whether the harm was physical or economic, whether the defendant behaved in a manner reckless to the health or safety of others, whether the plaintiff was financially vulnerable, whether the defendant's conduct was a repeated pattern, and whether the harm was intentional. *See id.* at 419. Under that rubric, Foxmar's conduct was insufficiently reprehensible to justify the jury's $3 million punitive award. Foxmar did not "physical[ly]" harm Cole and was shown to have suppressed complaints only in "isolated" incidents. *Id.* And even if it could be argued that suppressing sick-leave complaints disregarded the health of Foxmar's employees, there is no suggestion that such conduct risked more than "minor injuries" as opposed to "serious physical" ones. *Stampf v. Long Island R.R. Co.*, 761 F.3d 192, 209 (2d Cir. 2014).

As to the second guidepost, Cole's multimillion-dollar punitive award created an outsized "disparity" between Cole's compensatory and punitive damages. *State Farm*, 538 U.S. at 418. Indeed, "few awards exceeding a single-digit ratio between punitive and compensatory damages . . . will satisfy due process." *Id.* at 425. Moreover, "[w]hen compensatory damages are substantial, then a lesser ratio, perhaps only equal to compensatory damages," will comport with due process. *Id.* Here, Cole received a substantial compensatory damages

award of $215,943 capped off by a whopping $3 million punitive award, reflecting a double-digit ratio of nearly 14 to 1.[4]

The final guidepost – the difference between the punitive damages and civil penalties in comparable cases – likewise confirms the district court's conclusion that Cole's award was excessive. As the district court explained, the two Vermont statutes under which Cole sued generally authorize fines of several thousand dollars. The maximum fine under either is $126,749, and even then only for cases of "willful[]" or "repeated[]" offenders. Sp. App'x at 31. Remarkably, the jury's punitive damages award was nearly twenty-four times greater than the maximum civil penalties to which Foxmar was subject. *See Fabri v. United Techs. Int'l, Inc.*, 387 F.3d 109, 126 (2d Cir. 2004).

In short, there is no real dispute that Cole's award was excessive to the point of violating due process. Rarely will a defendant's misconduct, even if egregious, call for a double-digit punitive damages award. *See State Farm*, 538 U.S. at 425. Though the jury presumably concluded that Foxmar's conduct was reckless and intentional, it was far from the sort of repeated and dangerous pattern that could

---

[4] The $215,943 compensatory damages total includes Cole's award of $75,000 for emotional distress, which the district court left undisturbed as reasonable under Vermont law.

8

justify so large a penalty, especially when Cole also secured a sizable compensatory award.

*Third*, Cole argues that the district court erred when it granted Foxmar a new trial without first giving Cole the opportunity to accept a lower damages award through remittitur. As a threshold matter, Cole argues in his reply brief that the district court was *required* to offer remittitur because, under Vermont law, trial courts must give plaintiffs the option of accepting a lower damages award before ordering a retrial. But Cole has forfeited that argument since he failed to raise it in his opening brief. *See* Cole Br. at 57–58 (challenging remittitur without mentioning Vermont law); *see also JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). We therefore assume that the federal standard for granting remittitur applies. *See Stampf*, 761 F.3d at 204 (explaining that "[w]hether a new trial or remittitur should be ordered" shall be determined "by reference to federal standards developed under Rule 59" (quoting *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 435 (1996)).

In our Circuit, when a district court concludes that a damages award is excessive, it has discretion to either grant a new trial outright or to first give the plaintiff the option to accept a lower damages award through remittitur. *See*

9

*Bracey v. Bd. of Educ. of Bridgeport*, 368 F.3d 108, 119 (2d Cir. 2004) (directing district court to order a new trial but nevertheless giving the district court "discretion" to offer the plaintiff remittitur); *see also Lore v. City of Syracuse*, 670 F.3d 127, 176–77 (2d Cir. 2012). The district court acted well within that discretion in declining to offer a remittitur here. Indeed, the case law is clear that remittitur should *not* be offered when the "size of a jury's verdict [is] so excessive as to be inherently indicative of passion or prejudice," such that the "remittitur granted is totally out of proportion to the damages allowed by the district court." *Ramirez v. N.Y.C. Off-Track Betting Corp.*, 112 F.3d 38, 40–41 (2d Cir. 1997) (internal quotation marks omitted) (citing examples where courts improperly offered remittiturs of $4.35 million on a $5 million jury award and $1.65 million on a $1.9 million award). Because the punitive damages award here was so excessive that it would require a similarly out-of-proportion remittitur, the district court had good reason to order a new trial outright.

*Finally*, we reject Cole's argument that the district court abused its discretion when it precluded Cole from introducing evidence about Foxmar's alleged suppression of complaints concerning food safety and weapons possession. "We review the district court's evidentiary rulings under an abuse of discretion

10

standard, requiring manifest error to disturb them." *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 292 (2d Cir. 1999) (internal quotation marks omitted). We see no such error in the district court's finding that this evidence was unduly prejudicial under Federal Rule of Evidence 403. Cole maintains that testimony about these topics was relevant to punitive damages, as suppression of complaints beyond Cole's could establish a pattern of misconduct warranting punitive damages. But those complaints – which were about students getting sick or possessing weapons – were not similar to Cole's protests about employee sick leave. And as the district court explained, evidence about these complaints risked inflaming the jury, as "pure propensity evidence to establish that the defendant in general is a bad employer." J. App'x at 675. Given the marginal relevance and high risk of prejudice, the district court was well within its authority to exclude testimony about these incidents.

\*     \*     \*

We have considered Cole's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11