24-234-cv
Bi v. ABC Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of June, two thousand twenty-five.

PRESENT: RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
MYRNA PÉREZ,
*Circuit Judges*.

------------------------------------------------------------------

JIN ZHI BI, ON BEHALF OF
HERSELF AND ALL OTHERS
SIMILARLY SITUATED,

*Plaintiff-Counter-Defendant-Appellee*,

v.                                                              No. 24-234-cv

QIN JU XIA, AKA QIU JU XIA, AKA
LILI,

*Defendant-Counter-Claimant-Appellant*,

ABC CORP., JIAN HANG,

*Defendants*.

------------------------------------------------------------------

FOR APPELLANT:                          QIN JU XIA, *pro se*, Milford, CT

FOR APPELLEE:                           Ge Qu, Yun Zhou, Hang and
                                        Associates, PLLC, Flushing,
                                        NY

Appeal from a judgment of the United States District Court for the District of Connecticut (Jeffrey Alker Meyer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the District Court's judgment is AFFIRMED.

Appellant Qin Ju Xia, proceeding *pro se*, appeals from January 4, 2024 judgment of the United States District Court for the District of Connecticut (Meyer, *J.*) granting default judgment in favor of Appellee Jin Zhi Bi on her claims under the Fair Labor Standards Act (FLSA) and the Connecticut Minimum Wage Act and, after an evidentiary hearing, awarding Bi $51,644.30 in compensatory and liquidated damages and $48,290.75 in attorney's fees and costs. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review a district court's factual findings and damages calculation for clear error, and applicable questions of law *de novo*." *Rana v. Islam*, 887 F.3d 118, 121 (2d Cir. 2018). We will reverse for clear error "only if, after reviewing all of

2

the evidence, this Court is left with the definite and firm conviction that a mistake has been committed." *United States v. Cramer*, 777 F.3d 597, 601 (2d Cir. 2015) (quotation marks omitted).

Deriding various portions of Bi's testimony as "fabricated" and "lie[s]," Xia asserts that the District Court clearly erred when it credited Bi's testimony regarding her employment history. *See* Appellant's Br. 5–6. The District Court, as the finder of fact, "is in the best position to make . . . necessary credibility judgments." *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 264 F.3d 32, 38 (2d Cir. 2001). The District Court appears to have carefully considered Bi's testimony, finding some portions of her testimony credible and discrediting other portions. *See* Spec. App'x 5. On our review of the record, we conclude that it did not commit clear error in crediting the employment history testimony that Xia challenges. *See Cramer*, 777 F.3d at 601.

Xia likewise contends that the District Court erred in crediting Bi's testimony about her work history on the ground that her testimony was not supported by documentary evidence. We disagree. Under the FLSA, "if an employer's records are inaccurate or inadequate, an employee need only present sufficient evidence to show the amount and extent of the uncompensated work as a matter of just and reasonable inference." *Kuebel v. Black & Decker Inc.*, 643

3

F.3d 352, 362 (2d Cir. 2011) (cleaned up).  Because Bi's testimony and

contemporaneous records showing that she performed work that was not

properly compensated satisfied this requirement, and because Xia did not keep

or produce records of Bi's hours and wages, Xia bore the burden of "com[ing]

forward with evidence of the precise amount of work performed or with

evidence to negative the reasonableness of the inference to be drawn from [Bi's]

evidence."  *See Reich v. S. New Eng. Telecomms. Corp.*, 121 F.3d 58, 69 (2d Cir. 1997)

(quotation marks omitted).  In reviewing the record evidence, we conclude that

the District Court properly relied on Bi's testimony and exhibits to calculate

damages.

Xia also argues that the District Court erred by admitting several of Bi's

exhibits on the ground that they were not authenticated.  We will disturb an

evidentiary ruling "only where the decision to admit or exclude evidence was

manifestly erroneous."  *United States v. DiMassa*, 117 F.4th 477, 486 (2d Cir. 2024)

(quotation marks omitted).  Rule 901 of the Federal Rules of Evidence "does not

erect a particularly high hurdle" to authentication of documents. *Crawford v.*

*Tribeca Lending Corp.*, 815 F.3d 121, 126 (2d Cir. 2016) (quotation marks omitted).

It is satisfied as long as "sufficient proof has been introduced so that a reasonable

[factfinder] could find" that the exhibit at issue is authentic.  *Id.* (quotation marks

4

omitted).  Here, Bi testified that she was personally familiar with the challenged exhibits and testified that the exhibits were authentic.  Her testimony was enough for the District Court to deem them authenticated under Rule 901.  *See* Fed. R. Evid. 901(b)(1).  To the extent that Xia argues that there were issues with the translation of certain exhibits from Chinese to English, her argument relates to the weight to be accorded to the exhibits, not their admissibility.  *See United States v. Ben-Shimon*, 249 F.3d 98, 101–02 (2d Cir. 2001).  For these reasons, we conclude that the District Court's decision to admit them was not "manifestly erroneous."  *DiMassa*, 117 F.4th at 486 (quotation marks omitted).

Last, Xia argues that the District Court erred when it declined to order Bi to produce her tax returns for the evidentiary hearing.  We review a district court's discovery rulings for abuse of discretion.  *See Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004).  We find no abuse of discretion in the District Court's denial of Xia's request, which she filed after the close of discovery and after the court entered default judgment against her.

We have considered Xia's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the District Court's judgment is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court